UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 11-40116-01-KES |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL |
| ROBERT FORD, | ) | |
| Defendant. | ) | |

Defendant, Robert Ford, moves for judgment of acquittal (Docket 74) alleging that there was insufficient evidence to support his conviction. Ford also moves for a new trial (Docket 75) and states that a new trial is required in the interests of justice. The government resists both motions.

## BACKGROUND

A jury convicted Ford of kidnapping, Count 2 of the two-count indictment, on July 19, 2012. Docket 70. He was acquitted of Count 1, which alleged sexual abuse of an incapacitated person.

## ARGUMENT

Ford contends that the evidence was insufficient to support his conviction because the government failed to prove that Ford had the necessary intent to support a kidnapping conviction under 18 U.S.C. § 1201(a). Specifically, Ford argues that the government did not prove that "Ford held [the victim] for the purpose of preventing her from reporting a sexual attack." Docket 76 at 2. Ford's argument relies in part on the fact that the jury acquitted him of Count 1

in the indictment, sexual abuse of an incapacitated person, and that no jury could acquit Ford of Count 1 and simultaneously convict him of Count 2. Further, Ford argues that there is not a sufficient evidentiary basis to find that he had the required intent, and, therefore, a judgment of acquittal is appropriate.

Ford also contends that a new trial should be granted in the interest of justice because the testimonial evidence of the witnesses is incredible and because the jury was not properly instructed during the trial. Ford argues that the only evidence offered at trial in support of the kidnapping conviction was the testimony of the victim and such testimony was incredible. Ford also argues that the court failed to sufficiently respond to a jury question regarding the relationship between Counts 1 and 2. Ford alleges that these errors caused a miscarriage of justice and warrant a new trial.

**ANALYSIS**

**I.   Motion for Judgment of Acquittal**

Federal Rule of Criminal Procedure 29 states that the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. "The court may set aside the verdict and enter an acquittal" even after the jury has returned its guilty verdict. *Id.* When the court considers a motion for judgment of acquittal, it views the evidence in the light most favorable to the government and asks if the evidence is sufficient so that a reasonable jury could find defendant was guilty beyond a

reasonable doubt. *United States v. Reddest*, 512 F.3d 1067, 1070 (8th Cir. 2008). The jury's verdict must be upheld even "[i]f the evidence rationally supports two conflicting hypotheses[.]" *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004) (citations omitted). The court will not upset the jury's determination of the credibility of the witnesses without extraordinary circumstances. *United States v. Hakim*, 491 F.3d 843, 845-46 (8th Cir. 2007); *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

The jury found Ford guilty of kidnapping in violation of 18 U.S.C. § 1201(a). To prove kidnapping, the government had to prove that Ford unlawfully seized or confined the victim without her consent, that Ford held the victim for the purpose of preventing her from reporting a sexual attack, that the victim is an Indian, and that the offense took place in Indian country. Ford only raises issue with the second element, that Ford held the victim for the purpose of preventing her from reporting a sexual attack.

Ford argues that the jury could not have reasonably concluded that he held the victim for the purpose of preventing her from reporting a sexual attack because the jury found Ford not guilty of the charged sexual assault. Put differently, Ford contends that the victim could not have intended to report a sexual attack because according to the jury verdict, no sexual attack took place. Ford's reasoning is flawed because he implicitly argues that in order for one to report an alleged crime against a defendant, or at least to have the intent to do so, the defendant must be guilty of the alleged crime. Ford cites no case law to

support his position and the court finds that his position is not true either logically or practically. An individual can report what he or she perceives to be a crime even if no actual crime took place.[1] To conclude otherwise would undermine the role of criminal investigations and the judicial process as a whole. Hence, the court finds that Ford's argument that a not guilty verdict for the sexual assault charge precludes a guilty verdict for the kidnapping charge lacks merit.

Ford also argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he had the necessary intent to commit a kidnapping, namely that he held the victim for the purpose of preventing her from reporting a sexual attack. Here, after hearing all the evidence, the jury reasonably concluded that the victim intended to report a sexual attack at the time Ford held her. Indeed, the victim reported the sexual attack once she had the opportunity. She immediately told a witness about the events that took place while defendant and the victim were in the victim's bedroom, the place where the alleged confinement took place. The victim then went to the Flandreau hospital that same day to have a rape kit administered, and she also reported the incident to the Flandreau police and made a statement to the FBI. The fact that defendant was later acquitted of the sexual assault crime does not

---

[1] What the general public perceives as "crime" can be vastly different than what the law demands for a finding of guilt. People often associate "crime" with an act of wrongdoing, without considering many of the particulars. The law, however, requires specific elements to be proven beyond a reasonable doubt.

negate the fact that the victim intended to report the attack at the time she was confined.

Ford argues that the victim's testimony is not believable, but he only offers his own testimony to show the contrary. As is often the case, the testimony of the victim and the defendant is inconsistent. Inconsistencies or conflicts in the evidence, however, will be resolved in the government's favor. *United States v. Piwowar*, 492 F.3d 953, 955 (8th Cir. 2007) (citations omitted). The jury saw both of the witnesses testify and found beyond a reasonable doubt that there was sufficient evidence to find that Ford held the victim for the purpose of preventing her from reporting a sexual attack. Viewing the evidence in the light most favorable to the verdict, a reasonable jury could have found Ford guilty of kidnapping beyond a reasonable doubt, and the court will not disturb that finding absent extraordinary circumstances. *Hakim*, 491 F.3d at 845-46.

There are no extraordinary circumstances compelling the court to reject the jury's assessment of the facts. Thus, Ford's motion for a judgment of acquittal is denied.

## II. Motion for New Trial

According to Rule 33 of the Federal Rules of Criminal Procedure, a court can vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. The district court has broad discretion on a Rule 33 motion, and "it can weigh the evidence, disbelieve witnesses, and grant a

new trial even where there is substantial evidence to sustain the verdict[.]" *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (citation omitted). While the court has more discretion under Rule 33 than Rule 29, "[u]nless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *Id.* (citation omitted).

Ford's argument in support of granting a new trial rests almost entirely on the issue of credibility. Ford argues that the victim's testimony is incredible and that the testimony of the two corroborating witnesses is also incredible.

Ford notes inconsistencies between the victim's testimony and other evidence presented during trial. The majority of these inconsistencies have little or nothing to do with the alleged activity that supports a kidnapping conviction. For example, Ford points out that the victim could not state with specificity the amount of alcohol she had to drink the night before the alleged kidnapping. Ford also contends that the victim gave contradictory testimony as to what position she was in when she woke up on the morning in question, the exact timing of events, how semen became present in her cervix, and the existence of an alarm clock. These inconsistencies have very little to do with the charge of kidnapping, and, instead, support the jury's finding of not guilty on the sexual assault charge.

Ford does not argue persuasively that the victim's testimony regarding the kidnapping is incredible. The victim testified that Ford barricaded the doorway and stole her phone in an effort to stop her from leaving the bedroom. This

testimony is consistent with what she had told others immediately after the incident.[2] Other evidence shows that the victim told hospital staff that Ford verbally threatened her. Ex. 15. The victim stated that she yelled for help while she was barricaded. Two other witnesses corroborated this fact. The victim showed signs of bruising following the morning in question, and witnesses corroborated that the bruises were not present before that morning. Ford has not presented arguments to rebut this evidence that is directly on point for the kidnapping charge.

The government also introduced substantial evidence that the victim intended to report a sexual attack while she was confined in the bedroom, thus showing that the purpose of the confinement was to prevent such reporting. The evidence was discussed in detail above, the most telling of which is that the victim in fact did report the attack once she was given the opportunity.

As noted above, Ford also attacks the credibility of the corroborating witnesses. Again though, Ford only points out minor inconsistencies in their testimony that have little to no relevance to the kidnapping charge.

Lastly, Ford argues that the court's answer to a jury question was not sufficiently responsive. But Ford admits that the answer was accurate "in the abstract and as a matter of law." Docket 76 at 6. The jury asked this court whether a finding of guilt on the kidnapping charge required a finding of guilt

---

[2] The physician's assistant at the Flandreau hospital who assisted the victim on the day in question testified that the victim told her that Ford had barricaded her in her bedroom for several hours that morning.

on the sexual assault. The court answered, "To find the defendant guilty on Count Two, you do not need to find the defendant guilty on Count One." Docket 66 at 1. As discussed above, the kidnapping conviction can stand on its own, and, thus, Ford's argument lacks merit.

In conclusion, the court finds that the weight of the evidence supports a finding of guilt, and there is no risk that a miscarriage of justice has occurred. Thus, Ford's motion for a new trial is denied.

## CONCLUSION

The evidence was sufficient for a reasonable jury to find Ford guilty beyond a reasonable doubt. Additionally, after examining the evidence, the interests of justice do not require that a new trial be granted. Accordingly, it is

ORDERED that Ford's motion for acquittal (Docket 74) is denied.

IT IS FURTHER ORDERED that Ford's motion for a new trial (Docket 75) is denied.

Dated September 25, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE